UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IN RE:

MAD ENTERPRISE GROUP, LLC                    CASE NO.: 6:17-bk-04071-CCJ

   Debtor.                                              Chapter 7
_____/

**NOTICE OF REMOVAL OF PENDING LITIGATION TO THE BANKRUPTCY COURT AND MOTION FOR EXTENSION OF TIME TO COMPLY WITH BANKRUPTCY RULE OF PROCEDURE 9027(a)(2)**
(Ford Litigation)

COMES NOW the Chapter 7 Trustee, Richard B. Webber II ("Trustee"), pursuant to Bankruptcy Rule of Procedure 9027, and hereby provides notice to this Court and to all interested Parties of the Trustee's removal of pending ligation to this Court, and moves for entry of an order extending certain deadlines under Rule 9027(a)(2), and states:

1. The Debtor, Mad Enterprise Group, LLC ("Debtor"), identified four pending Legal Actions on Part Three of the Debtor's Statement of Financial Affairs, all of which were pending as of the Petition Date.

2. The Trustee hereby gives notice pursuant to Rule 9027 that the Trustee seeks the removal of the following case to this Bankruptcy Court: <u>Ford Motor Co. v. MAD Enterprise Group, LLC and Howard Scott Bassuk</u> (Case Number 6:16-dv-01333-PGB-TBS), pending in the Middle District of Florida (the "Ford Litigation").

3. The Trustee seeks removal the Ford Litigation, because the Ford Litigation involves a potentially significant asset of the Debtor's Estate.

4. The Trustee has limited facts regarding the Ford Litigation, but the facts, as currently understood by the Trustee, are as follows: Debtor's business focused on the sale of cars that the Debtor purchased at wholesale. During the Debtor's 341 Meeting, the Debtor, through its authorized representative, represented to the Trustee that Debtor entered into a contract with Sunstate Ford to purchase $244,000 of cars at wholesale. Debtor wired $244,000 to Sunstate Ford to purchase the cars, but Sunstate Ford failed to deliver the cars. Either before or near the time that Debtor wired $244,000 to the Debtor, Ford Motor Company had sued Debtor and filed a pre-judgment writ of garnishment against Sunstate Ford, seeking to recover the $244,000 for the debt allegedly owed to Ford Motor Company by the Debtor. Ultimately, the Debtor paid $244,000 for vehicles that it never received and the funds are currently frozen pending further order in the Ford Litigation.

5. Because the Ford Litigation was pending as of the Petition Date, any potential recovery by the Debtor in the Ford Litigation would be Section 541 Property of the Debtor's Bankruptcy Estate and subject to administration by the Trustee.

6. Upon removal of the Ford Litigation to this Bankruptcy Court, the Trustee consents to the entry of final orders or judgment by the Bankruptcy Court.

7. Pursuant to Bankruptcy Rule of Procedure 9027(a)(2), the Trustee may seek removal of any pending civil action that was pending when a case is commenced under the Bankruptcy Code so long as the notice of removal is filed within 90 days after the order for relief.

8. The order for relief was entered in this case on June 20, 2017, and 90 days from that date is September 18, 2017; therefore, the Trustee's notice of removal is timely.

9. Rule 9027(a) requires the party seeking removal to file copies of all process and pleadings of the case sought to be removed. Due to the impact of Hurricane Irma, the Trustee has been unable to access the court file and obtain copies of all pleadings filed in the Ford Litigation.

10. The Trustee respectfully requests that the Court enter an order allowing the Trustee 30 days to file copies of all process and pleadings from the Ford Litigation with this Court.

11. The Trustee will file a copy of this Notice in the Ford Litigation by Notice of Filing as required by Rule 9027 on this same date.

WHEREFORE, Chapter 7 Trustee, Richard B. Webber II, respectfully requests that this Court grant the Trustee an extension of 30 days to file the pleadings from the Ford Litigation with this Court, accept removal and take jurisdiction the Ford Litigation, issue such orders and final judgment in the Ford Litigation as the Court deems necessary, and for such further relief as the Court deems proper under the circumstances of the case.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Notice of Removal of Pending Litigation to the Bankruptcy Court has been furnished either by U.S. Mail, postage pre-paid and/or by electronic transmission to: Mad Enterprise Group, LLC, 13328 Bellaria Circle, Windermere, FL 32786-7401; Steven H Meyer, CPLS, P.A., 201 East Pine St., Ste. 445, Orlando, FL 32801; and the United States Trustee, 400 W. Washington St., Ste. 1100, Orlando, L 32801, on September 19, 2017.

_____
Richard B. Webber, II, Esquire
Florida Bar No.: 608394
rwebber@zkslawfirm.com
service@zkslawfirm.com
Bradley J. Anderson, Esquire
Florida Bar No.: 00105695
banderson@zkslawfirm.com

[11000-982/6300141/1]    3

        jwenhold@zkslawfirm.com
        service@zkslawfirm.com
        ZIMMERMAN, KISER & SUTCLIFFE, P.A.
        315 E. Robinson St., Suite 600 (32801)
        P.O. Box 3000
        Orlando, FL  32802
        Telephone:  (407) 425-7010
        Facsimile:  (407) 425-2747
        Counsel for Chapter 7 Trustee