UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IN RE:                                                    CASE NO.: 6:17-bk-04071-CCJ

MAD ENTERPRISE GROUP, LLC,                                Chapter 7

      Debtor.

_____/

MAD ENTERPRISE GROUP, LLC, a                              AP NO.: CACE-15-003837
Florida limited liability company,
                                                          (Removed Action)
      Plaintiff,

v.

BRUCE S. ROGOW, ESQ., individually,
TARA A. CAMPION ESQ., individually,
and BRUCE S. ROGOW, P.A., a Florida
Professional Association,

      Defendants.

_____/

## OBJECTION AND MOTION TO STRIKE NOTICE OF REMOVAL OF PENDING LITIGATION TO BANKRUPTCY COURT [Doc. 21] AND FOR REMAND

BRUCE S. ROGOW, ESQ., TARA A. CAMPION, ESQ., and BRUCE S. ROGOW, P.A. (collectively, the "Rogow Defendants"), through the undersigned counsel, hereby file their Objection and Motion to Strike Notice of Removal and for Remand, and in support thereof, state:

## I.    INTRODUCTION

1.    The matter which the Debtor, MAD ENTERPRISE GROUP, LLC (the "Debtor"), seeks to remove to this Court – *MAD Enterprise Group, LLC v. Bruce S. Rogow, Esq., et. al.*, in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, Case No.: CACE-15-003837 (the "Malpractice Litigation") –  involves a professional malpractice action brought against the Rogow Defendants by their former client, Mr. Howard Bassuk

(although Mr. Bassuk has elected to sue exclusively through the Debtor, one of his several corporate entities).

2.      The Notice of Removal is deficient and should be stricken, and the Debtor's application for removal should be denied. Specifically, the Notice of Removal seeks to remove the Malpractice Litigation from the Broward County Circuit Court to the United States Bankruptcy Court for the Middle District of Florida, which is procedurally improper pursuant to both 28 U.S.C. § 1452(a) and Fed. R. Bankr. P. 9027(a)(1). Additionally, this Court should remand the Malpractice Litigation to the Broward County Circuit Court because principles of mandatory abstention warrant remanding the Malpractice Litigation.

## II.    <u>BACKGROUND FACTS</u>

3.      Mr. Bassuk initially sought representation from the Rogow Defendants following a series of investigations by agents of the United States Secret Service, U.S. Customs, and the Department of Homeland Security, who questioned the legality of automobile exporters, like Mr. Bassuk, using "straw buyers", i.e., fake buyers who were paid money to conceal the fact that vehicles to be exported were being bought and paid for by someone other than the real purchaser – a deceptive practice that was contrary to manufacturers' demands that new cars not be sold for export and contrary to various federal export regulations.

4.      The subjects of those Federal investigations faced then, and now, potential civil and criminal sanctions. Some individuals and companies used items – fraudulent driver's licenses and fake shipping documents – to conceal exportations, to avoid paying state taxes or otherwise deceive automobile dealerships and manufacturers. Peter Carr, a Justice Department spokesman, stated in 2015 that ". . .  the department is encouraging prosecutors to pursue civil

and criminal sanctions for straw-buyer fraud cases that lead to other criminal violations, such as tax fraud, identity theft fraud and the submission of false expert documents."

5.      Contrary to what is alleged in the Debtor's pleadings in the Malpractice Litigation, Mr. Bassuk – not the Debtor – was the one who actually sought and received the legal counsel at issue in this case. His concern and fear of criminal prosecution resulting from the conduct of his exporting business, as well as other disputes between himself and strawmen accomplices, prompted the engagement.  Further, the engagement preceded by more than one year the seizure of cars.  In sum, the engagement was not the discreet seizure of the five (5) cars by the United States. It was the potential criminal liability stemming from Mr. Bassuk's export business and his desire to avoid such liability. If so established, the Debtor's claims fail as a matter of law. *See Law Office of David J. Stern, P.A. v. Security National Servicing Corp.*, 969 So.2d 962 (Fla. 2007) (The attorney-client relationship must exist with respect to the specific acts or omissions upon which the malpractice claim is based.).

6.      On or about June 20, 2017, during the pendency of the Malpractice Litigation, the Debtor filed its Voluntary Petition for Non-Individuals Filing for Bankruptcy. Thereafter, on or about September 18, 2017, the Debtor filed its Notice of Removal of Pending Litigation to the Bankruptcy Court and Motion for Extension of Time to Comply with Bankruptcy Rule of Procedure 9027(a)(2) (the "Notice of Removal").

## III.   LEGAL ARGUMENT

### a.      The Debtor Failed to Follow the Correct Procedural for Removal

7.      28 U.S.C. § 1452(a) provides that "[a] party may remove any claim or cause of action in a civil action . . . ***to the district court where such civil action is pending***, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." (emphasis

supplied). Likewise, Fed. R. Bankr. P. 9027(a)(1) states that "[a] notice of removal shall be filed **with the clerk for the district and division within which is located the state or federal court where the civil action is pending**" (emphasis supplied).  Bankruptcy courts have routinely recognized that the filing of a notice of removal in the wrong district renders the notice ineffective. *See In re Hakim*, 212 B.R. 632 (N.D. Cal. 1997) (granting motion to strike debtor's removal of litigation pending in the United States District Court for the Eastern District of Virginia to United States Bankruptcy Court for the Northern District of California); *In re Newport Creamery, Inc.*, 275 B.R. 179 (D.R.I. 2002) (striking debtor's application for removal of civil litigation pending in Massachusetts state court to the United States Bankruptcy Court for the District of Rhode Island); *In re Sunset Marine of Puerto Rico, Inc.*, 495 B.R. 190, 195 (D.P.R. 2013) (". . . removal is only authorized towards the district court for the geographical area where the case to be removed is pending. Hence, the instant case must stay within the district and division where the civil action is pending . . .").

8.      Here, the Malpractice Litigation is currently pending in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida. Accordingly, the Malpractice Litigation could only be removed to the district where the Malpractice Litigation is pending – the Southern District of Florida. For this reason alone, the Notice of Removal should be stricken and the Debtor's application for removal denied.

      **b.**      **Principles of Mandatory Abstention Warrant Remanding the Malpractice Litigation**

9.      28 U.S.C. § 1334(c)(2) states:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an

4

action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

10.     § 1334(c)(2) thus provides for mandatory abstention where (i) a timely motion is made; (ii) the proceeding is based upon a State law claim or a State law cause of action; (iii) the proceeding is merely "related to" a Title 11 case; (iv) the proceeding does not "arise under" Title 11; (v) the proceeding does not "arise in a case under" Title 11; (vi) the action could not have been commenced in Federal court absent the bankruptcy jurisdiction; and (vii) an action is already commenced and timely adjudication is possible in State court. *See Matter of Climate Control Engineers*, 51 B.R. 359 (M.D. Fla. 1985).

11.     As to the first factor, the instant Motion for Remand has been filed within 30 days after the filing of the Notice of Removal, and is thus timely. *See* 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a).").

12.     As to the second factor, the claims asserted against the Rogow Defendants in the Malpractice Litigation are based solely on State law.

13.     As to the third, fourth, and fifth factors, whether a civil proceeding is merely "related to" a Title 11 case and thus neither "arises under" Title 11 nor "arises in" a case under Title 11 is dependent upon whether the action is properly classified as a "core" or a "non-core" proceeding. As explained by this Court in the matter of *Control Center, L.L.C. v. Lauer*, 288 B.R. 269 (M.D. Fla. 2002):

> If the proceeding involves a right created by the federal bankruptcy law, it is a core proceeding; for example, an action by the trustee to avoid a preference. If the proceeding is one that would arise only in bankruptcy, it is also a core proceeding; for example, the filing of a proof of claim or an objection to the discharge of a particular debt. ***If the proceeding does not invoke a substantial right created by the federal bankruptcy law and is one that could exist outside of bankruptcy it is not a core proceeding; it***

5

> *may be related to the bankruptcy because of its potential effect, but under 157(c)(1) it is "otherwise related" or a non-core proceeding.*

*Id.* at 276-77 (quoting *In re Toledo*, 170 F.3d 1340, 1348 (11th Cir. 1999)) (emphasis supplied). The Malpractice Litigation does not qualify as a core proceeding. The Debtor's claims do not involve a substantial right created by Federal bankruptcy law as they are independent of both the Bankruptcy Code and any other Federal law. Moreover, the Malpractice Litigation is not one which could arise only in the context of a bankruptcy proceeding, as had there been no bankruptcy, the action could have proceeded in State court. Accordingly, the Malpractice Litigation is not a core proceeding and merely "relates to" the Debtor's Chapter 7 proceeding. "*When a state court proceeding sounds in state law and bears a limited connection to the debtor's bankruptcy case, abstention is particularly compelling*." *In re United Container LLC*, 284 B.R. 162, 177 (S.D. Fla. 2002) (emphasis supplied).

14.    As to the sixth factor, no grounds would exist for this Court's assertion of jurisdiction over the Malpractice Litigation were it not arguably "related to" the Debtor's Chapter 7 proceeding. As set forth above, the Malpractice Litigation involves only questions of State law. *See* 28 U.S.C. § 1331. All parties to the Malpractice Litigation are citizens of Florida and diversity of citizenship is lacking. *See* 28 U.S.C. § 1332.

15.    As to the seventh factor, the Malpractice Litigation has already been commenced in State court and timely adjudication is possible in State court. While the phrase "timely adjudication" is not defined in the Bankruptcy Code, courts interpreting the phrase have focused primarily on whether allowing the action to proceed in State court would have an unfavorable effect on the administration of the bankruptcy estate. *See United Container* at 174. Factors relevant to this determination include, but are not limited to, (i) the status of the proceeding prior to removal, i.e., whether discovery had been commenced; (ii) the status of the bankruptcy case;

(iii) the complexity of the issues to be resolved; (iv) whether the parties consent to the bankruptcy court entering judgment in the proceeding; (v) whether a jury demand has been made; and (vi) whether the bankruptcy case is a reorganization or liquidation case. *Id.* at 175. As to the last factor,

> In a Chapter 7 proceeding, the primary concern of the court is the orderly accumulation and distribution of the assets of the estate. There is no administrative urgency or plan of reorganization to facilitate. In an adversary proceeding related to a Chapter 7 proceeding, timely adjudication can be weighed relatively lightly. By contrast, where a Chapter 11 reorganization is pending, the court must be sensitive to the needs of the debtor attempting to reorganize. Lengthy delays in collecting outstanding accounts or resolving other claims which might substantially enhance the viability of the estate, may prove fatal to reorganization efforts. Therefore, in considering whether or not to abstain, timely adjudication necessarily weighs heavily for a Chapter 11 debtor.

*In re World Solar Corp.*, 81 B.R. 603 (S.D. Cal. 1988).

16.     While no delay would result should the Malpractice Litigation proceed in State court because the instant proceeding is a Chapter 7 proceeding and the Debtor is merely liquidating its assets, any potential delay would be of little to no significance. To the extent that timely adjudication was an issue, each of the remaining factors pertaining to timely adjudication militates in favor of abstention. Discovery had commenced in the Malpractice Litigation and was ongoing for over two (2) years prior to the filing of the instant proceeding, which was filed just over three (3) months ago and remains in its early stages. As in *United Container*, ". . . a jury demand has been made, and unless all parties consent, which they have not, the bankruptcy court would be unable to try these proceedings[] [and] virtually all of the issues are state court issues that the state court can resolve." *Id.* Finally, even if the Debtor were to prevail on its claims against the Rogow Defendants, any effect that it would have upon the bankruptcy estate will not occur until the Malpractice Litigation has concluded, and there is no reason to believe that this

will happen more quickly should the Debtor's application for removal be granted. *Id.* Based upon the foregoing, the Rogow Defendants respectfully submit that principles of mandatory abstention require that this Court remand the Malpractice Litigation back to State court.

WHEREFORE, BRUCE S. ROGOW, ESQ., TARA A. CAMPION, ESQ., and BRUCE S. ROGOW, P.A., respectfully request that this Court enter an Order: (1) Striking the Debtor, MAD ENTERPRISE GROUP, LLC's, Notice of Removal and denying its application to remove the Malpractice Litigation to this Court; (2) Granting the instant Motion for Remand in all respects; (3) Remanding the Malpractice Litigation back to the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida; and (4) Awarding such other and further relief as is just and proper.

Respectfully submitted,

**MOMBACH, BOYLE, HARDIN & SIMMONS, P.A.**
*Attorneys for the Rogow Defendants*
100 Northeast Third Avenue, Suite 1000
Fort Lauderdale, Florida 33301-1177
Telephone:  (954) 467-2200
Facsimile:   (954) 467-2210

By: */s/ Jason Ari Smith*
MICHAEL P. HAMAWAY
Florida Bar No: 081302
mhamaway@mbhlawyer.com
JASON ARI SMITH
Florida Bar No: 042331
jsmith@mbhlawyer.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Objection and Motion to Strike Notice of Removal and for Remand was served by electronic transmission to:  Richard B. Webber, II, Esq., Bradley J. Anderson, Esq., Zimmerman, Kiser & Sutcliffe, P.A., *Counsel for Chapter 7 Trustee*,    rwebber@zkslawfirm.com;    service@zkslawfirm.com;

banderson@zkslawfirm.com; jwenhold@zkslaw.com; and by U.S. Mail postage pre-paid to: Mad Enterprise Group, LLC, 13328 Bellaria Circle, Windmere, FL 32786-7401; Steven H. Meyer, CPLS, P.A. 201 East Pine St., Suite 445 Orlando, FL  32801; and the United States Trustee, 400 W. Washington St., Suite 1100, Orlando, FL on this 1st day of October 2017.

/s/ *Jason Ari Smith*
JASON ARI SMITH